HORTON, J.,
concurring.
As there is only one aspect of the district court’s opinion that is clear — the ultimate conclusion that Howard was not guilty of Part II of the Information — I concur with the majority opinion. I do not join in the dissent for only one reason: having repeatedly read the district court’s Memorandum Decision and Order, I am simply unable to understand the reasoning underlying the conclusion that the State failed to meet its burden of proving that Howard had previously been convicted of two or more prior DUI offenses.
The dissent presents strong arguments why this ease may be remanded without running afoul of Howard’s constitutional right not to be placed twice in jeopardy. In my view, this Court’s inability to reach a unanimous decision is solely a product of our disagreement as to what the district court held. The district court’s decision is internally inconsistent to the extent that the determination whether the district court reached its decision by implicitly ignoring the exhibits in evidence or reversing its decision to admit those exhibits without explicitly doing so (as the majority concludes) or whether the district court required the State to prove an additional element (as the dissent concludes) is almost a matter of conjecture. I join the majority only because the district court did not explicitly state that it was requiring the State to prove an additional element in order to find Howard guilty of Part II of the Information.